T.C. Memo. 1996-332

UNITED STATES TAX COURT

PATRICIA E. IETTO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21265-94.                    Filed July 24, 1996.

Patricia E. Ietto, pro se.

<u>Brendan G. King</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


POWELL, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]  Section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1991 in the amount of $172. Respondent further determined that petitioner owed employment taxes pursuant to the Federal Insurance Contributions Act (FICA taxes) in the amount of $1,209. At the time of filing the petition, petitioner resided in Fair Lawn, New Jersey.

The issues are: (1) Whether this Court has jurisdiction to review respondent's determination with respect to FICA taxes; and (2) whether petitioner underreported the amount of commission income she received during 1991.

FINDINGS OF FACT

The facts may be summarized as follows. During 1991, petitioner was employed by the New York Partnership Exchange, Inc. (NYPE).[2] NYPE facilitated the sale of partnership interests. Petitioner received commissions for successfully matching buyers and sellers. On her 1991 Federal income tax return petitioner reported commission income in the amount of $14,684. Petitioner prepared this return without the benefit of a Form 1099, which she received after April 15, 1992. When the Form 1099 finally arrived, it indicated that petitioner received commission income in the amount of $15,813 for 1991. Petitioner computed her 1991 commission income by adding the individual

---

[2] Although initially the subject of some dispute, the parties agree that petitioner served as an employee, and not as an independent contractor.

commission checks she received during 1991.  Petitioner introduced copies of the checks into evidence.  The sum of these commission checks exceeded $15,813.

In the notice of deficiency, respondent determined that petitioner underreported her 1991 commission income by $1,129, resulting in a deficiency in income tax of $172.  Respondent further asserted that petitioner was liable for the employee's share of FICA taxes in the amount of $1,209 for 1991.  See sec. 3101.

Petitioner filed the petition seeking a redetermination of these adjustments.  Respondent filed a motion to dismiss for lack of jurisdiction with respect to the employment taxes contained in the petition.

OPINION

FICA Taxes

The United States Tax Court is a court of limited jurisdiction.  See sec. 7442; Wilt v. Commissioner, 60 T.C. 977, 978 (1973).  Generally, this jurisdiction is limited to income, estate, gift, and certain excise taxes which are subject to the deficiency notice requirements of sections 6212(a) and 6213(a).  Rule 13; Enochs v. Green, 270 F.2d 558 (5th Cir. 1959); Judd v. Commissioner, 74 T.C. 651, 653 (1980).  This Court has no jurisdiction over FICA taxes imposed on an employee.  Chatterji v. Commissioner, 54 T.C. 1402, 1405 (1970).  Accordingly,

respondent's motion to dismiss for lack of jurisdiction as to the portion of the petition relating to FICA taxes is granted.

Income Tax

Respondent's determination is presumed correct and petitioner bears the burden of proving that the determination is erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Gross income means all income from whatever source derived including commissions received for services.  Sec. 61(a)(1).  Taxpayers are taxed on the amount of income they receive, and the extent to which other parties may fail to comply with the various reporting provisions of the Internal Revenue Code has no bearing on a taxpayer's gross income.  See Vaughn v. Commissioner, T.C. Memo 1992-317, affd. without published opinion 15 F.3d 1095 (9th Cir. 1993).

Petitioner calculated her 1991 commission income by adding the individual commission checks she received during 1991.  Petitioner admitted that she may have erred in her addition.  The Form 1099 received by petitioner supports respondent's determination as does the sum of petitioner's commission checks.  NYPE's delay in issuing the Form 1099 to petitioner has no bearing on her gross income.  Accordingly, respondent's determination with respect to the deficiency in Federal income tax is sustained.

An appropriate Order and Decision will be entered.